UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| SENTRY SELECT INSURANCE COMPANY<br><br>vs.<br><br>TES LOGISTICS, LP d/b/a TEAM EXPRESS SERVICES, OSCAR PAYAN, JAIME CARRASCO, RICK CARRASCO, INTERGLOBAL LOGISTICS, INC., and SOUTHWIRE COMPANY, LLC | §§§§§§§§§§§<br><br>CIVIL ACTION NO. 3:21-cv-00117 |

## PETITION FOR DECLARATORY JUDGMENT

Plaintiff, Sentry Select Insurance Company ("Sentry"), files this Petition for Declaratory Judgment, seeking a declaratory judgment that it has no duty to defend or indemnify TES Logistics, LP d/b/a Team Express Services, Jaime Carrasco, Rick Carrasco, Interglobal Logistics, Inc., and Southwire Company, LLC concerning a lawsuit filed against them by Oscar Payan. In support of this petition, Sentry would show the following:

### PARTIES TO SUIT

1.

Sentry is a citizen of the State of Wisconsin, being an insurance company incorporated in the State of Wisconsin, and having its principal place of business in the State of Wisconsin.

2.

Defendant, TES Logistics, LP d/b/a Team Express Services ("TES"), is a Texas citizen, being a limited partnership formed under the laws of the State of Texas, whose general partner is TES Logistics Management, LLC, who is also a Texas citizen, being a limited liability company formed under the laws of the State of Texas, whose members, Jaime Carrasco and Nancy Saenz, are citizens

of the State of Texas, being individuals domiciled in the State of Texas. Sentry would show that after a diligent search, including of all filings made with the Texas Secretary of State, the limited partners of TES have not been able to be identified. Despite this, Sentry can safely assert that Defendant TES is not a citizen of the State of Wisconsin, as no partner (general or limited) of TES is a citizen of the State of Wisconsin. Since no partner of TES is a citizen of the State of Wisconsin, which is the state of citizenship of Sentry, complete diversity of citizenship would exist in this matter as between Sentry and TES. Defendant TES Logistics, LP may be served with citation and/or summons by service on its registered agent for service of process, Jaime Carrasco, at 14373 Desert Wind, El Paso, Texas 79928.

3.

Defendant, Jaime Carrasco is a citizen of the State of Texas, being an individual domiciled in the State of Texas, who may served with citation and/or summons at 14373 Desert Wind, El Paso, Texas 79928.

4.

Defendant, Rick Carrasco is a citizen of the State of Texas, being an individual domiciled in the State of Texas, who may served with citation and/or summons at 13500 Pellicano Avenue, El Paso, Texas 79928.

5.

Defendant Interglobal Logistics, Inc. ("Interglobal") is a Texas citizen, being a corporation formed under the laws of the State of Texas and having its principal place of business in the State of Texas, who may be served with citation and/or summons by service on its registered agent for service of process, Tracy Wright, 1200 Golden Key Circle, Suite 205, El Paso, Texas 79925.

6.

Defendant Southwire Company, LLC ("Southwire") is a citizen of the State of Georgia, being a limited liability company formed under the laws of the State of Delaware doing business in Texas, whose members, Rich Stinson, J. Guyton Cochran, Jr. and Burt Fealing, are all citizens of the State of Georgia, being individuals domiciled in the State of Georgia. Defendant Southwire Company, LLC may be served with citation and/or summons by service on its registered agent for service of process, National Registered Agents, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7.

Defendant Oscar Payan ("Payan") is a citizen of the State of Texas, being an individual domiciled in the State of Texas, who may be served with citation and/or summons at 197 Moon, Socorro, Texas 79927.

## JURISDICTION

8.

This is an action for declaratory judgment pursuant to Title 28, United States Code, § 2201 *et seq*. Sentry seeks a determination of question(s) of actual controversy between the parties as hereinafter stated. Jurisdiction of this action is based upon Title 28, United States Code § 1332(a), there being diversity of citizenship between the parties and the amount in controversy exceeds $75,000; exclusive of interest and costs.

## VENUE

9.

Venue is properly placed under Title 28, United States Code § 1391.

## BACKGROUND FACTS

10.

Payan has sued TES and the other Defendants in this case for personal injuries sustained when Payan was injured in an auto accident on or about March 12, 2019 in El Paso County, Texas. The lawsuit Payan filed against TES, Jaime Carrasco, Rick Carrasco, Interglobal, Southwire and others is Cause No. 2019DCV3456, styled *Oscar Payan v. TES Logistics, LP, et. al.*, currently pending in the 120th Judicial District Court of El Paso County, Texas (hereinafter referred to as the "Underlying Lawsuit").

11.

Payan alleges that at the time of his accident, he was acting in the course of his employment with TES, Jaime Carrasco, Rick Carrasco, Interglobal and Southwire. Payan alleges that he was driving a truck when high cross winds caused him to lose control of the tractor trailer. Payan claims that the Defendants (TES, Jaime Carrasco, Rick Carrasco, Interglobal and Southwire) had ultimate control over the tractor trailer and over work place safety, and that they failed to provide a safe work environment, resulting in Payan's injuries and damages. Payan further alleges that high winds were forecasted but Defendants (TES, Jaime Carrasco, Rick Carrasco, Interglobal and Southwire) failed to cancel his trip and sent him on a dangerous route. Payan alleges Defendants (which again would include TES, Jaime Carrasco, Rick Carrasco, Interglobal and Southwire) had a non-delegable duty to provide a safe workplace to their employees. Payan also alleges Defendants failed to become a subscriber under the Texas Worker's Compensation Act.

**SENTRY POLICY PROVISIONS**

12.

TES is the named insured under a general liability policy, Number A0003077002, issued by Sentry with effective dates of October 1, 2018 to October 1, 2019. That policy contains Commercial General Liability ("CGL") coverage, and Motor Carrier Liability coverage.

A. **CGL Coverage**

13.

The insuring clause of the CGL coverage contained in the Sentry policy provides in pertinent part as follows:

> **COVERAGE A.   BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.   Insuring Agreement**
>
> **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> **(1)**   The amount we will pay for damages is limited as described in Section **III** - Limits of Insurance; and
>
> **(2)**   Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**. . . .

14.

The CGL coverage of the Sentry policy contains the following exclusions:

**d.** **Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e.** **Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

**g.** **Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading

or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

**(1)** A watercraft while ashore on premises you own or rent;

**(2)** A watercraft you do not own that is:

   **(a)** Less than 26 feet long; and

   **(b)** Not being used to carry persons or property for a charge;

**(3)** Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

**(4)** Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

**(5)** "Bodily injury" or "property damage" arising out of:

   **(a)** The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged; or

   **(b)** The operation of any of the machinery or equipment listed in Paragraph f.(2) or f.(3) of the definition of "mobile equipment".

B. **Motor Carrier Liability Coverage**

15.

The insuring clause of the Motor Carrier Liability coverage contained in the Sentry policy provides in pertinent part as follows:

> A. **Coverage**
>
>> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto". . . .
>>
>> We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

16.

The Motor Carrier Liability coverage of the Sentry policy contains the following exclusions:

> 3. **Workers' Compensation**
>
>> Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or similar law.
>
> 4. **Employee Indemnification And Employer's Liability**
>
>> "Bodily injury" to:
>>
>> **a.** An "employee" of the "insured" arising out of and in the course of:

    **(1)**  Employment by the "insured"; or

    **(2)**  Performing duties related to the conduct of the "insured's" business; or

  **b.**  The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

This exclusion applies:

    **(1)**  Whether the "insured" may be liable as an employer or in any other capacity; and

    **(2)**  To any obligation to share damages with or repay someone else who must pay damages because of the injury. . . .

**C.**  **<u>No Coverage Under Sentry Policy</u>**

17.

The claims brought by Payan against TES, Rick Carrasco, Jaime Carrasco, Interglobal, and Southwire are excluded under one or more of the exclusions quoted above. Payan's allegations in the Underlying Lawsuit make it clear that his injuries were sustained while using an auto during the course and scope of his employment with TES, Jaime Carrasco, Rick Carrasco, Interglobal, and Southwire. Payan alleges in the Underlying Lawsuit that each of those parties are his employer or statutory employer, so that no coverage would exist under the CGL coverage of the Sentry policy for Payan's claims asserted by him in the Underlying Lawsuit. This is because they would be excluded under the workers' compensation, employer's liability, and auto exclusions quoted above.

18.

No coverage would exist under the Motor Carrier Liability coverage of the Sentry policy for TES, Jaime Carrasco, Rick Carrasco, Interglobal or Southwire concerning the Underlying Lawsuit for the same reason(s). Namely, no coverage would exist concerning the Underlying Lawsuit

because the claims asserted in that suit would be excluded under the worker's compensation and employer's liability exclusions quoted above.

## RELIEF SOUGHT

19.

Sentry seeks declaratory judgment that it has no duty under Sentry Policy No. A0003077002 to defend TES, Jaime Carrasco, Rick Carrasco, Interglobal, or Southwire against the claims asserted by Payan in the Underlying Lawsuit. For the same reasons noted above that Sentry does not have a duty to defend, Sentry likewise would not have a duty under Policy No. A0003077002 to indemnify TES, Jaime Carrasco, Rick Carrasco, Interglobal, or Southwire for any judgment or settlement reached in the Underlying Lawsuit. Accordingly, a declaratory judgment that Sentry does not have a duty to indemnify TES, Jaime Carrasco, Rick Carrasco, Interglobal or Southwire under Sentry Policy No. A0003077002 should also be entered in Sentry's favor.

20.

There exists an actual controversy between Plaintiff and Defendants within the jurisdiction of this Court involving the rights and liabilities under an insurance policy. This controversy may be determined by judgment of this Court, without other suit.

WHEREFORE, Plaintiff prays:

A. This Court determine and adjudicate the liabilities of the parties herein with respect to the policies of insurance described in this complaint;

B. This Court find and declare that Sentry has no duty under Policy Number A0003077002 to defend or indemnify TES Logistics, LP, Jaime Carrasco, Rick Carrasco, Interglobal Logistics, Inc. and Southwire Company, LLC in Cause No.

2019DCV3456, styled *Oscar Payan v. TES Logistics, LP, et. al.*, currently pending in the 120th Judicial District Court of El Paso County, Texas;

C.    That Sentry be awarded its costs of court; and

D.    That Sentry be awarded such other and further relief to which it may be entitled, at law or at equity.

Respectfully submitted,

/S/Russell J. Bowman
Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
ATTORNEY FOR PLAINTIFF